FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 0 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
ROBERT OLEMAN,

        Petitioner,

    -against-

SUPT. JOHN B. LEMPKE
Five Points Correctional Facility,

        Respondent.
-------------------------------------------------X

08-CV-5003

MEMORANDUM & ORDER

TOWNES, United States District Judge:

INTRODUCTION

    Petitioner Robert Oleman ("Petitioner") was convicted in New York State Supreme Court, Richmond County of crimes stemming from a series of burglaries in Staten Island. He now challenges his convictions in this habeas petition brought pursuant to 28 U.S.C. § 2254. Petitioner claims that the trial court's acceptance of a partial verdict violated New York's Criminal Procedure Law and his due process rights. Petitioner has also moved to amend the petition to add a claim that he received ineffective assistance of counsel, and the Respondent opposes the motion. For the reasons that follow, both the petition and the motion to amend it are denied.

FACTS

    Petitioner was tried in New York State Supreme Court, Richmond County in 2005. Before jury selection, defense counsel informed the Court that defendant was a "Friday observer." (Jury Selection Transcript at 10.) The Court responded by saying, "I'll do my best to avoid having the jury deliberate on [Friday April 8th]," and explaining other options for

1

proceeding with the trial in the event that a verdict was not reached by Thursday. (*Id.*) During jury selection a juror also informed the court that she had a medical procedure scheduled for Friday, April 8th. The court informed her that "we won't be working on [April 8th]." (Jury Selection at 216.)

At the close of jury selection the trial court observed:

> I understand based on your application yesterday your client is not available Fridays and, of course, juror number ten is not available Friday. I'm just thinking ahead. In the event . . . the jury is deliberating at the close of business Thursday, under these circumstances I can only think of two choices: One, your client comes in on Friday and we substitute an alternate for juror number ten who is going to be in the hospital that day; or with the consent of both sides we will go over until the following Monday . . . . Hopefully, this won't come to pass. This all depends on how quickly things go. I'm just throwing it out there now so we all know what we are looking at potentially.

(Jury Selection at 227-28.)

On Wednesday April 6th, before counsel delivered their summations, the Court further addressed the issue:

> When I'm finished with my jury charge we'll have a sidebar, of course, and I'll be asking what you want to do with the alternates. If you want to keep them around, that's fine with me. I'm happy to keep them as long as you want. But I can only substitute one after deliberations commence on written consent by the defense. The problem we talked about earlier was the Friday. We have the defendant's religious needs and the other is Juror Ten has a medical procedure that will take her out of commission for the entire day Friday and we already talked about her. If we don't want to keep the alternates around, I'd like a consent to go from Thursday, or wherever we stop, and continue on Monday.

(Trial Transcript at 317-18.)

Defense counsel refused to consent to the substitution of an alternate juror, so the

2

alternate jurors were dismissed. (Trial Transcript at 439-441.) After the case was submitted to the jury for deliberations, the trial court again raised the issue concerning deliberations on Friday, and the following colloquy with defense counsel ensued on the record:

> Court: What about the issue of deliberating? If the deliberations go into tomorrow evening, can we break on consent until the following Monday? We now have no alternates.
>
> Counsel: Judge, I won't say it's new, but it's somewhat novel to me. What happens if the defense doesn't agree? I'm just asking.
>
> Court: Number one, it's your client's concern. It's a religious thing. But secondly, we are going to lose a juror tomorrow. She told us well ahead and we said we won't work on this coming Friday because she's going to be in the hospital undergoing a medical procedure and said she wouldn't be available. So we cannot deliberate on Friday if no verdict is reached. We have no alternates. The defendant wouldn't consent to substitute them, which is your right, but the only choice I would have would be to declare a mistrial or to separate the jury for three days and tell them to come back Monday. What else could I do? I can't bring the woman in from the hospital.
>
> Counsel: I wasn't suggesting that, your Honor.
>
> Court: That's why I like to get consent, so I can settle this issue in my mind and I don't have to worry about possibly keeping this jury until 3:00 a.m. It might never be an eventuality. I'm just thinking ahead.
>
> Counsel: My client doesn't want to do it.
>
> Court: All right. We'll see how it goes.

(Trial Transcript at 443-44.) The jury continued its deliberations into Thursday afternoon and sent the following note to the trial court: "We have reached a deadlock. Please advise as to what we should do. Some jurors would like to retire for today, and one juror cannot make it in tomorrow, Friday, April 8, 2005." (Trial Transcript at 472-73.) In light of the note, the trial court

3

asked defense counsel whether the defendant "would consent to separating the jury until Monday" at which time the court would "give them an Allen charge and let them resume deliberations." (Trial Transcript at 468.) Defense counsel declined to so consent, and the trial court raised the possibility of inquiring into whether the jury had reached a partial verdict. Defense counsel objected to that option. Over the objection, the trial court asked the jury to indicate whether they reached a unanimous verdict as to any of the counts. The jury responded that they reached a verdict on six counts. After discussion with counsel, the trial court then proceeded to take a partial verdict on those counts. Petitioner was convicted of five counts and acquitted of one.

Petitioner was convicted of two counts of Burglary in the Second Degree, one count of Assault in the Second Degree, one count of Reckless Endangerment in the Second Degree, and one count of Possession of Burglar's Tools. He was acquitted of one count of Burglary in the Second Degree, and the jury failed to reach a verdict on the three remaining counts. Those counts were dismissed by the court upon a motion made by the prosecutor, and the trial court discharged the jury.

Petitioner was sentenced as a mandatory persistent violent felony offender. On the burglary convictions, the trial court sentenced him to an indeterminate term of imprisonment of 25 years to life for one burglary conviction and a consecutive, indeterminate term of sixteen years to life for the other burglary conviction. Petitioner received an indeterminate term of twelve years to life for the assault conviction, to run concurrently with the 16 years to life burglary sentence, but consecutively to the 25 years to life burglary sentence. Finally, Petitioner was sentenced to a determinate term of one year for the reckless endangerment conviction and a

determinate term of one year for the possession of burglar's tools conviction. Both of these were ordered to run concurrently with all other sentences. (*See* Sentencing Transcript at 22-24.)

Petitioner appealed the conviction to the New York State Supreme Court, Appellate Division, Second Department. In his appeal, he presented the claim he now brings before this Court, challenging the trial court's acceptance of a partial verdict on statutory and due process grounds. However, on direct appeal, he did not raise any issue regarding the ineffective assistance of counsel claim he seeks to add in his motion to amend. The Second Department affirmed the judgment, rejecting his argument that the partial verdict was improperly taken. The Court held:

> Contrary to the defendant's contention, the trial court did not err in accepting a partial verdict. Neither CPL 310.70 nor any other provision of law precludes a trial court's inquiry into whether the jury, after a substantial period of deliberation, has agreed upon a verdict as to any of the counts submitted, and in then accepting a partial verdict. Under the circumstances presented in this case, the trial court properly accepted the partial verdict in light of the fact that there was a medical issue concerning one juror and the jury had deliberated for approximately seven hours over a two-day period.

*People v. Oleman*, 41 A.D.3d 738, 739 (2d Dept. 2007) (internal citations omitted). Petitioner sought leave to appeal to the New York Court of Appeals, but leave was denied. *See People v. Oleman*, 9 N.Y.3d 925 (2007). Petitioner timely commenced this action on December 5, 2008. During the pendency of this petition, he moved in state court to vacate his judgment of conviction pursuant to New York Criminal Procedure law § 440.10, asserting, for the first time, ineffective assistance of counsel claims. The court denied the motion on the ground that these claims were procedurally barred under New York Criminal Procedure Law § 440.10(2)(c)

because Petitioner failed to raise them on direct appeal. In the alternative, the court found the claims to be without merit. After the motion was denied and the Appellate Division denied leave to appeal, Petitioner moved to amend the petition in this case to add the ineffective assistance of counsel claims. (*See* Docket Nos. 8-16.)

DISCUSSION

*A. Pro Se Pleading Standard*

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). The same standard applies to petitions for federal habeas relief. *See Chang v. United States*, 250 F.3d 79, 86 n. 2 (2d Cir. 2001); *Dunn v. Sears*, 561 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *Charles v. Fischer*, 516 F. Supp. 2d 210, 215 (E.D.N.Y. 2007). As such, the petition in this case is to be "interpret[ed] to raise the strongest arguments that [it] suggest[s]." *Brownwell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted).

*B. AEDPA*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), courts will only grant a habeas petition based on a claim that is "adjudicated on the merits" in state court where the state court's adjudication of the claim either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme court of the United States;
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

An "adjudication on the merits is a substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir. 2001). A state court has adjudicated a state petitioner's claim on the merits when it "(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (quoting *Sellan*, 261 F.3d at 312).

Under Section 2254(d)(1) - the "contrary to" clause - a federal habeas court may grant the writ "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite'" to that reached by the Court. *Bell v. Cone*, 543 U.S. 447, 452-53 (2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). Under Section 2254(d)(2) - the "unreasonable application" clause - a federal habeas court may grant the writ if the state court "'identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the petitioner's case.'" *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)). Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000) (O'Connor, J., concurring).

*C. Analysis of Petitioner's Claims*

Petitioner challenges the trial court's acceptance of a partial verdict on statutory and due process grounds. As Respondent correctly argues, and as the Appellate Division held, the acceptance of a partial verdict did not constitute a violation of New York Criminal Procedure

7

Law § 310.70. *See People v. Spears*, 276 A.D.2d 725 (2d Dept. 2000); *People v. Mendez* 221 A.D.2d 162 (1st Dept. 1995); *People v. Andino*, 210 A.D.2d 28 (1st Dept. 1994). There is no basis for Petitioner's argument that the statute was violated.

Moreover, this issue is not properly before a habeas court, absent jury coercion, as it is purely a matter of state statutory law. *See Santana v. Artus*, No. 06 Civ. 7774, 2009 WL 6382488, at *16 n.10 (S.D.N.Y. Jul. 1, 2009) ("The determination whether to accept a partial verdict is ordinarily governed by state law, N.Y. Crim. Proc. Law § 310.70, and no constitutional question is implicated unless the defendant can demonstrate that the judge coerced such a verdict."); *see also McPherson v. Greiner*, No. 02 Civ.2726, 2003 WL 22405449, at *23-*24 (S.D.N.Y. Oct. 22, 2003); *Bordas v. Walker*, No. 97 CIV. 2982, 2000 WL 1867915, at *4-*5 (S.D.N.Y. Dec. 20, 2000). It is well settled that "violations of state statutory law . . . are not cognizable on habeas review." *Silva v. Miller*, No. 04-CV-8013, 2009 WL 4060946, at * 25 (S.D.N.Y. Nov. 24, 2009) (internal quotation marks omitted). In this case, there is no suggestion that the trial court coerced the jury's verdict, and there is no basis for federal habeas relief.

Petitioner's motion to amend must be denied because his ineffective assistance of counsel claims are futile. They are procedurally barred because the state court relied on an independent and adequate state law ground. The state court held that the claims were barred under New York Criminal Procedure Law § 440.10(2)(c) because they were not raised on direct appeal. "A procedural bar pursuant to Section 440.10(2)(c) is an adequate and independent state ground that precludes federal habeas review." *McLean v. Green*, No. CV-05-5603, 2009 WL 4778824, at *12 (E.D.N.Y. Apr. 15, 2009). Petitioner has also not demonstrated cause, prejudice, or actual innocence in connection with his ineffective assistance of counsel claims. Accordingly, his

8

ineffective assistance claims are procedurally barred, and the motion to amend the petition to add the claims must be denied.

Even if these claims were considered by the Court, they would fail because they are without merit. Under *Strickland v. Washington*, 466 U.S. 668 (1984), in order "to establish a claim for ineffective assistance of counsel, a petitioner must demonstrate: 1) that his counsel's performance was deficient, and 2) that counsel's deficient performance prejudiced him." *Arakelian v. U.S.*, Nos. 08 Civ. 3224 & 04 Cr. 447, 2009 WL 211486, at *4 (S.D.N.Y. Jan. 28, 2009). Petitioner has not demonstrated that counsel's performance was constitutionally deficient or resulted in prejudice.

CONCLUSION

For the reasons stated above, the instant petition is denied. The Clerk of Court is directed to close this case. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of any appeal.

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: August 6, 2010
Brooklyn, New York

9